UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>HTR PROPERTIES LLC, et al.,<br><br>    Defendants. | Case No. 3:17-cv-00829-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS CROSSCLAIMS**<br><br>Re: Dkt. No. 31 |

**INTRODUCTION**

This is an ADA case in which the plaintiff sued both the property owner and the lessee. The owner and lessee then asserted crossclaims against each other, purportedly based on the lease agreement. The owner of the property, co-defendant HTR Properties LLC ("HTR"), now moves to dismiss the crossclaims asserted by the lessee, co-defendant Ukiah Car Center LLC ("UCC"), because UCC fails to identify the basis for its claims. I found the matter appropriate for resolution without oral argument. Civil L. R. 7-1(b). Because I agree with HTR that UCC's claims attempt to rely on the ADA, do not derive from the lease agreement, and do not state a plausible claim for relief, I am GRANTING HTR's motion. UCC's claims are dismissed with leave to amend.

**BACKGROUND**

On February 20, 2017, Plaintiff Jeanette Brown brought this action against defendants Redwood Ford; Ukiah Ford Inc.; HTR Properties LLC ("HTR"), and Corey Abel, for violations of the Americans with Disabilities Act of 1990 ("ADA"), and related causes of action. She later amended her complaint and added Ukiah Car Center LLC ("UCC") as a defendant. First Am. Compl. ("FAC")(Dkt. No. 15). She alleges that "defendants failed to provide proper legal access to Redwood Ford (formerly Ukiah Ford), which is a 'public accommodation' and/or a 'public

facility' including, but not limited to signage, parking, service counter, women's restroom, men's restroom." FAC ¶ 3. UCC leases the subject real property from HTR. HTR Answer ¶ 10, HTR Crossclaim ¶ 1 (Dkt. No. 30); UCC Answer ¶ 10 (Dkt. No. 26). Each co-defendant asserted crossclaims against the other for indemnification based on the lease agreement.[1] *See* HTR Crossclaim (Dkt. No. 30 at 10); UCC Crossclaim[2] (Dkt. No. 26 at 18).

UCC's crossclaim states, "[p]ursuant to the terms and provisions of the AGREEMENT, LESSOR was and is responsible for ensuring THE PROPERTY complies with State and Federal accessibility laws and has a duty to defend, indemnify, and hold harmless LESSEE against any and all claims related to accessibility of THE PROPERTY." UCC ACC ¶ 6. It asserts five causes of action against HTR: (1) "express and equitable indemnity and defense against defendant lessor resulting from alleged Violations of the Americans with Disabilities Act," *id*. ¶¶ 7–9; (2) "defense and indemnity against claims resulting from alleged violations of California Code," *id*. at ¶¶10–12; (3) "defense and indemnity against claims resulting from alleged violations of the health and safety code," *id*. ¶¶ 13–15; (4) declaratory relief, *id*. ¶¶ 16–18; and injunctive relief, *id*. ¶¶ 19–21.

On June 2, 2017, HTR moved to dismiss UCC's crossclaim in its entirety.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a cause of action if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a claimant must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a claimant pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted

---

[1] HTR attached the lease agreement to its crossclaim. *See* HTR Crossclaim Ex. A (Dkt. 30-1). Because UCC relied on the lease agreement in its crossclaims, application of the incorporation by reference doctrine is appropriate. HTR's crossclaims are not the subject of this (or any pending) motion, so they are not discussed in depth.

[2] UCC referred to its "counterclaim," but since its claims are brought against a co-defendant, they are properly labeled crossclaims. Fed. R. Civ. P. 13(g).

unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claimant must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether a claimant has stated a claim upon which relief can be granted, the Court accepts the allegations as true and draws all reasonable inferences in favor of the claimant. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses any claims, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

HTR asserts contends that UCC fails to allege a breach of the lease agreement or the "existence of an 'actual controversy' that would warrant declaratory relief." *Id*. at 5–6.[3] UCC's response is confused. It argues that "Ukiah's lease has no effect on HTR's pre-existing ADA obligations," and proceeds to argue that its crossclaims must survive as a matter of law. Opp'n at 3–7 (Dkt. No. 37-1). To be sure, "the landlord is a necessary party in an ADA action, regardless of what the lease provides." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 834 (9th Cir. 2000); *see also Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1264 (9th Cir.

---

[3] It also argued that UCC "failed to adequately allege the existence and the specific terms of the contract upon which its claims are based[,]" and moves to dismiss each of UCC's crossclaims. HTR Mot. to Dismiss UCC's Crossclaim at 4 ("MTD")(Dkt. No. 31). HTR knows that a contract exists here—it cites to it, repeats provisions verbatim in its motion, and attached it to its own crossclaim. *Id*. at 1–3; *see* Lease Agreement (Dkt. No. 30-1).

2015)("*Botosan* allowed a plaintiff to sue both landlord and tenant for ADA violations, confident that one party would be liable for barrier removal notwithstanding the lease provisions."). And, not surprisingly, HTR *is* a party to the ADA action. The lease agreement has no effect on HTR's pre-existing ADA obligations *to the plaintiff*. But the ADA does not provide a basis for a lessee to state claims against a lessor.[4] The two issues are discrete. The *Botosan* court found that "[t]he landlord can in turn seek indemnification from the tenant pursuant to their lease agreement." *Id*. at 832. The reverse may be true as well, but the indemnification claims must be based on *the lease agreement*, not on the ADA.

The lease agreement, which was attached to HTR's crossclaim, provides indemnity *to the landlord* for liability arising from the tenant's use of the property.[5] *See* Lease Agreement § 5.07 (Dkt. No. 30-1 at 16). It also states that "Landlord is making absolutely no representation or warranty regarding whether the Property is in compliance with the ADA." *Id.* § 5.03. And it provides UCC with a credit against the purchase price of the property if UCC is required to make any improvements or changes. *Id*. In the face of those provisions of the lease, UCC states that it "properly provide[d] Cross-Defendant HTR with a factual showing of the right to indemnity and defense arising out of their lessor-leasee [sic] relationship pertaining to the ADA and California Unruh Act." Opp'n at 7. But it did not identify any provision of the lease agreement supporting its assertion.

UCC's crossclaims fail to include sufficient factual allegations to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570. And its opposition likewise fell short of illuminating the issues.[6] The agreement certainly seems to suggest that there is no basis

---

[4] To further elucidate the distinction, *Botosan* and *Kohler* are not even relevant here, where UCC's claims against HTR are based in contract. They would be relevant, however, if HTR had moved to dismiss *plaintiff's* claims against it, citing the lease agreement. In that scenario, plaintiff could cite to these cases to show that a "landlord could not contract away its responsibility under the ADA." *Kohler*, 780 F.3d at 1264.

[5] HTR's crossclaim asserts that its liability results from UCC's operation of a public business and public accommodation, which triggers the lease term provision requiring UCC to indemnify it. *See* HTR Crossclaim ¶¶ 14–15. Because its crossclaims are not at issue here, I make no representations as to the viability of those claims.

[6] At certain points, UCC indicated that it seeks indemnification only with respect to the parking

4

for UCC's claims.  I will grant leave to amend, but UCC should specify the basis for its claim arising from the lease to state a plausible cause of action.

**CONCLUSION**

In accordance with the foregoing, HTR's motion is GRANTED.  UCC's crossclaims are DISMISSED with leave to amend within 20 days.

**IT IS SO ORDERED.**

Dated: August 11, 2017



William H. Orrick
United States District Judge

---

area and common areas and not with respect to the interior of the Redwood Ford building. Crossclaim ¶ 8, Opp'n at 5.  UCC appears to point to ADA law to justify this distinction, but again provides no factual basis for the claims.

5